UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELLIOTT D. LEVIN, )<br>  Plaintiff, )<br> )<br> vs. )<br> )<br> WILLIAM I. MILLER, et al., )<br>  Defendants, )<br> )<br> FEDERAL DEPOSIT INSURANCE )<br> CORPORATION, )<br>  Intervenor. ) | 1:11-cv-1264-SEB-TAB |

**ORDER ON MOTION TO INTERVENE**

**I.    Introduction**

Irwin Financial Corporation filed for bankruptcy protection on September 18, 2009, after regulators closed its banks and appointed the Federal Deposit Insurance Corporation as a receiver. [Docket No. 1 at 6.] Plaintiff, in his role as Chapter 7 Trustee for Irwin Financial, commenced this action against Defendants, alleging that as former senior officers of Irwin Financial they breached their fiduciary duties. [*Id.* at 1.] On December 7, 2011, Defendants moved to dismiss this action, arguing that Plaintiff lacks standing because Plaintiff's claims belong exclusively to the FDIC pursuant to 12 U.S.C. § 1821. [Docket No. 30 at 7.] On March 28, 2012, the FDIC moved to intervene as a party, asserting that it has exclusive ownership of Plaintiff's claims. [Docket No. 48 at 4.] For the reasons below, the Court grants the FDIC's motion to intervene.[1]

---

[1]Plaintiff also moved for oral argument regarding the FDIC's motions to intervene. [Docket No. 51.] The Court does not believe oral argument is necessary to resolve the motion to

1

**II. Discussion**

The FDIC moves to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2), or alternatively permissively under Rule 24(b)(1)(B). [Docket No. 48 at 1.] On timely motion, the court must permit anyone to intervene who:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). The party seeking intervention of right therefore must show (1) the motion was timely, (2) the party possesses an interest related to the subject matter of the action, (3) disposition of the action threatens to impair that interest, and (4) existing parties to the action fail to represent adequately that interest. *United States v. BDO Seidman*, 337 F.3d 802, 808 (7th Cir. 2003). The intervenor has the burden to establish each element, and failure to satisfy any element is sufficient grounds to deny intervention. *Id.*

  *A.*  *Timeliness*

The FDIC's motion to intervene is timely. "The purpose of the [timeliness] requirement is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." *Reid, L. v. Ill. State Bd. of Educ.*, 289 F.3d 1009, 1018 (7th Cir. 2002). "A prospective intervenor must move promptly to intervene as soon as it knows or has reason to know that its interests might be adversely affected by the outcome of the litigation." *Heartwood, Inc. v. U.S. Forest Serv., Inc.*, 316 F.3d 694, 701 (7th Cir. 2003). "This test essentially sets out a reasonableness standard: potential intervenors need to be reasonably diligent in learning of a suit that might affect their

---

intervene. Accordingly, Plaintiff's motion for oral argument [Docket No. 51] is denied.

rights, and upon so learning they need to act reasonably promptly." *Nissei Sangyo Am., Ltd. v. United States*, 31 F.3d 435, 438 (7th Cir. 1994). The "most important consideration in deciding whether a motion for intervention is untimely is whether the delay in moving for intervention will prejudice the existing parties to the case." *Id.* at 439. Ultimately, when determining timeliness, courts consider "(1) the length of time the intervenor knew or should have known of [its] interest in the case, (2) the prejudice caused to the original parties by the delay, (3) the prejudice to the intervenor if the motion is denied, and (4) any other unusual circumstances." *Reid*, 289 F.3d at 1018.

Plaintiff argues that the FDIC's motion was not prompt because the FDIC's counsel was present at the bankruptcy proceedings that were conducted prior to Plaintiff filing the complaint in this action and thus "was well aware that this action was in prospect." [Docket No. 50 at 6.] An action "in prospect," however, is not the same as a lawsuit in progress. Defendants' motion to dismiss first placed the FDIC's interest at issue, and the FDIC moved to intervene only fifteen days after Plaintiff filed a sur-reply to Defendants' motion to dismiss. Because the FDIC moved to intervene reasonably promptly and Defendants' motion to dismiss remains pending, the FDIC's motion is timely.

Plaintiff also asserts that the FDIC's intervention would cause undue prejudice because it would require rebriefing standing issues raised by Defendants' motion to dismiss, thereby increasing litigation costs and causing delay. [Docket No. 50 at 6–7.] However, if necessary the briefs on the motion to dismiss can simply be supplemented, so any delay or expense associated with rebriefing the standing issues first raised by the motion to dismiss is minimal. In fact, the FDIC's motion could potentially save Plaintiff from unnecessary litigation if the Court

determines that the FDIC is the proper plaintiff. Additionally, because this case is in its early stages with no answer filed or case management plan in place, Plaintiff and Defendants are not unduly prejudiced by the FDIC's motion to intervene.

The potential for prejudice to the intervenor if the motion is denied also must be considered. The FDIC asserts exclusive ownership of Plaintiff's claims under 12 U.S.C. § 1821. [Docket No. 48-4 at 2.] Because the statute allocates ownership of certain claims to the FDIC, denial of the FDIC's motion to intervene may delay or even prevent the FDIC from protecting its interest in this litigation. Finally, the record does not reflect any unusual circumstances that disfavor intervention. Thus, the motion is timely because the FDIC promptly moved to intervene, intervention presents minimal prejudice to the existing parties, and denying the FDIC's motion could result in substantial prejudice to the intervenor.

  B.  *Interest in litigation*

The FDIC has a legitimate interest in the subject matter of the existing litigation. "[T]he interest of a would-be intervenor must be a direct, significant, legally protectable one." *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995) (internal quotation marks omitted). "It is something more than a mere 'betting' interest, but less than a property right." *Id*. (citations omitted). "Whether an applicant has an interest sufficient to warrant intervention as a matter of right is a highly fact-specific determination, making comparison to other cases of limited value." *Id.*

The FDIC argues that under the Financial Institution Reform, Recovery, and Enforcement Act of 1989, Plaintiff's claims are derivative and belong exclusively to the FDIC. [Docket No. 48-4 at 7]. FIRREA provides:

> The Corporation shall, as conservator or receiver, and by operation of law, succeed to – (i) all rights, titles, powers, and privileges of the insured depository institution, and of any stockholder, member, accountholder, depositor, officer, or director of such institution with respect to the institution and the assets of the institution.

12 U.S.C. § 1821(d)(2)(A). "[A]s the receiver, the FDIC possesses all the rights of the Bank's shareholders, including the right to sue directors and officers." *FDIC v. Am. Cas. Co. of Reading, Pa.*, 998 F.2d 404, 409 (7th Cir. 1993). Thus, if some or all of Plaintiff's claims fall within the scope of FIRREA, Plaintiff lacks standing to bring those claims. *Lubin v. Skow*, 382 F. App'x 866, 870 (11th Cir. 2010).

Defendants' motion to dismiss argues that Plaintiff lacks standing to bring certain claims because they are derivative. [Docket No. 30 at 7.] Plaintiff, on the other hand, argues that the FDIC has no interest because the complaint focuses on Defendants' activities as officers of Irwin Financial, the holding company, rather than as bank officers. [Docket No. 50 at 9.] Plaintiff cites *Lubin*, which holds that FIRREA does not apply when a trustee sues to vindicate the rights of a holding company. 382 F. App'x at 872 n.9. In *Lubin*, however, the court would have permitted the trustee to pursue the holding company's officers only for those claims that alleged direct harms to the holding company distinct from derivative harms suffered as a result of bank mismanagement. *Id*. at 873. The Eleventh Circuit affirmed the district court's dismissal of the trustee's claims because the complaint failed "to plead sufficient facts connecting any act or omission by the defendants with a harm to the Holding Company that is distinct from the harm the Holding Company suffered when its investment in the Bank soured." *Id.*; *see also Broughton-Irving v. Saphir*, No. 09-CV-7979, 2010 WL 4810605, at *4 (N.D. Ill. Nov. 18, 2010) (discussing the impact of FIRREA on plaintiff shareholders' suit against officers of a failed bank's holding company, noting that "FIRREA in all probability prevents Plaintiffs from raising

5

their claims.").

As the FDIC notes, it is the Defendants' motion to dismiss that places the FDIC's ownership of the claims at issue. [Docket No. 48-4 at 7.] As a result, the Defendants' memorandum supporting their motion to dismiss [Docket No. 30] and Plaintiff's response [Docket No. 38] dispute which claims belong exclusively to the FDIC under FIRREA. "[W]hether the claims alleged in the Complaint are direct or derivative is a legal, not factual, determination." *Lubin*, 382 F. App'x at 871. The FDIC, therefore, has "more than a mere 'betting' interest" in this litigation because FIRREA allocates particular claims exclusively to the FDIC. *Schipporeit*, 69 F.3d at 1380. Accordingly, because an existing party has asked the Court to determine which of Plaintiff's claims fall within FIRREA's scope, the FDIC has a direct, significant, and legally protectable interest in this litigation.

        C.     *Effect of disposition*

The FDIC's ability to protect its interest may be impaired if not permitted to intervene. Impairment depends on "whether the decision of a legal question involved in the action would as a practical matter foreclose rights of the proposed intervenors in a subsequent proceeding." *City of L.A. v. United Air Lines*, No. 06-C-1084, 2006 WL 1898037, at *3 (N.D. Ill. July 7, 2006). The FDIC claims an exclusive, statutorily-mandated interest in Plaintiff's claims under 18 U.S.C. § 1821(d)(2)(A) ("FIRREA"). [Docket No. 48-4 at 2.] Plaintiff, who does not believe the claims fall within FIRREA's scope, argues that the FDIC may pursue Defendants in a separate action. [Docket No. 50 at 11.] But because FIRREA allocates exclusive rights to the FDIC, a ruling regarding FIRREA's impact on Plaintiff's claims potentially could impact the FDIC's ability to bring a claim and may otherwise adversely affect the FDIC. Therefore, since

6

the FDIC may have an exclusive interest in Plaintiff's claims, the FDIC needs to be present in this litigation to protect that interest.

        D.      *Adequate representation by existing parties*

The FDIC's rights are not adequately represented by an existing party. "A party seeking intervention as of right must only make a showing that the representation 'may be' inadequate and 'the burden of making that showing should be treated as minimal.'" *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 774 (7th Cir. 2007) (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). The FDIC claims that if permitted to intervene, it will file a motion to dismiss based on reasons articulated in Defendants' motion to dismiss. [Docket No. 48-4 at 11.] Plaintiff argues that because the FDIC bases its proposed motion to dismiss [Docket No. 48-2] on arguments already advanced in Defendants' motion to dismiss, the Defendants adequately represent the FDIC's interests. [Docket No. 50 at 11.] However, the FDIC seeks dismissal of Plaintiff's claims precisely so that it may bring the same claims against Defendants. [Docket No. 48-4 at 2, 8.] The FDIC is thus adverse to Plaintiff and Defendants. Consequently, the FDIC's interest in this litigation is not adequately represented by the existing parties.

In summary, the FDIC has a right to intervene in this litigation under Federal Rule of Civil Procedure 24(a) because the motion is timely, the FDIC has an interest in the litigation not represented adequately by an existing party, and the FDIC's ability to protect that interest may be impaired if not permitted to intervene. Moreover, even if the FDIC did not have a right to intervene, the Court would grant permissive intervention. On timely application, "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a

7

common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "Permissive intervention under Rule 24(b) is wholly discretionary." *Sokaogon Chippewa Cmty v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2003). The FDIC's timely motion shares with Defendants' motion to dismiss common questions of law regarding Plaintiff's standing and the FDIC's rights. Permissive intervention therefore would be appropriate even if intervention of right were not.

### III. Conclusion

For these reasons, the FDIC's motion to intervene [Docket No. 48] is granted, and Plaintiff's motion for oral argument [Docket No. 51] is denied. If Defendants believe this order requires them to supplement their pending motion to dismiss, they shall do so within fourteen days, and Plaintiff may file any supplemental response within seven days thereafter. If the FDIC intends to respond to the pending motion to dismiss or file its own motion to dismiss, it shall do so within twenty-one days.

Dated: 06/01/2012

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Douglas A. Black
WYATT TARRANT & COMBS, LLP
dblack@wyattfirm.com

Susan A. Cahoon
KILPATRICK STOCKTON LLP
scahoon@kilpatrickstockton.com

Robert Edgar Craddock Jr.
WYATT TARRANT & COMBS, LLP
rcraddock@wyattfirm.com

Angela N. Frazier
KILPATRICK TOWNSEND STOCKTON LLP
anfrazier@kilpatricktownsend.com

John C. Hoard
RUBIN & LEVIN, PC
johnh@rubin-levin.net

James A. Knauer
KROGER GARDIS & REGAS, LLP
jak@kgrlaw.com

Kevin Dale Koons
KROGER GARDIS & REGAS LLP
kdk@kgrlaw.com

Elizabeth M. Lally
RUBIN & LEON, P.C.
elally@rubin-levin.net

Byron E. Leet
WYATT TARRANT & COMBS LLP
bleet@wyattfirm.com

Elliott D. Levin
RUBIN & LEVIN, PC
edl@rubin-levin.net

Alfred S. Lurey
KILPATRICK STOCKTON, LLP
alurey@kilpatricktownsend.com

Todd C. Meyers
KILPATRICK TOWNSEND & STOCKTON LLP
TMeyers@Kilpatricktownsend.com

Ronald L. Raider
KILPATRICK TOWNSEND & STOCKTON LLP
rraider@kilpatricktownsend.com

Steven E. Runyan
KROGER GARDIS & REGAS LLP
ser@kgrlaw.com

John W. Woodard Jr.
WYATT TARRANT & COMBS LLP
jwoodard@wyattfirm.com

David E. Wright
KROGER GARDIS & REGAS LLP
dew@kgrlaw.com