UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELLIOTT D. LEVIN as Chapter 7 Trustee for Irwin Financial Corporation, )<br>)<br>Plaintiff, )<br>) <br>vs. )<br>)<br>WILLIAM I. MILLER, )<br>GREGORY F. EHLINGER, )<br>THOMAS D. WASHBURN, )<br>)<br>Defendants. )<br>_____ )<br>)<br>FEDERAL DEPOSIT INSURANCE )<br>CORPORATION, )<br>)<br>Intervenor Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>. )<br>) | No. 1:11-cv-01264-SEB-MPB |

**ORDER**

This matter came before the Honorable Matthew P. Brookman, United States Magistrate Judge, by telephone, at 9:30 a.m. (EST), on Thursday, June 2, 2016, for a conference under Rule 16, Federal Rules of Civil Procedure. Parties were represented by counsel. The purpose of the conference was to confer regarding Defendants' Motion to Quash Deposition Notices for Depositions scheduled June 10, 13, and 22, 2016, or in the Alterative Prohibit the Use of certain Rule 2004 Examinations ("the examinations") for any Purpose in this Matter, Pursuant to Federal

Rule of Civil Procedure 26(c), filed on May 27, 2016. (Docket No. 185). Plaintiff filed a response to the motion on May 31, 2016 (Docket No. 186).

Defendants' Motion to Quash[1] requests this Court order Plaintiff, Elliot Levin as Chapter 7 Trustee for the Irwin Financial Corporation, to quash the depositions scheduled for each of the Defendants, as Defendants assert that Levin's previous examinations bar additional questioning during discovery. Alternatively, if additional depositions are taken then Defendants seek an order to bar the admissibility of the previous Rule 2004 examinations for any future use in this litigation. (Docket No. 185). Defendants rely on Fed. Rule. Civ. P. 26(c). Levin opposes the motion asserting that a Rule 2004 deposition is not a substitute for a deposition, and that further authority supports admissibility of the examinations at trial. (Docket No. 186). For the reasons that follow, the Defendants Motion to Quash is now **DENIED**.

Pursuant to Fed. R. Civ. P. 26, a court may enter an order "for good cause shown . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." during discovery. Where the movant has sustained its burden of showing good cause, the order may provide "that disclosure or discovery not be had. . . ." Fed. R. Civ. P. 26(c)(1). https://www.law.cornell.edu/rules/frcp/rule_26 The Rule permits the Court to limit discovery if it determines that the discovery sought: "(1) is cumulative or duplicative, or can be obtained from a more convenient, less burdensome or less expensive source; (2) the party seeking the discovery has had ample opportunity to obtain the information during discovery; or (3) the burden or expense of the proposed discovery outweighs the likely benefit." *Forsythe Racing Team, Inc. v. Player's Co., Inc.*, 2008 WL 1932191, at *2 (S.D. Ind. Apr. 30, 2008).

---

[1] Defendants' motion is mislabeled as a Motion to Quash, which is governed by Fed. R. Civ. P. 45. However, Defendants state that they are seeking "an Order pursuant to Federal Rule of Civil Procedure 26(c)," which is a protective order. The burden of proof the Court applied is the burden applicable to Fed. R. Civ. P. 26(c) as that is the proper context for Defendants' request.

Defendants each had Rule 2004 examinations conducted in 2011, prior to the filing of the complaint in this matter. (Docket No. 185 at 4). A Rule 2004 examination's purpose, however, is different than a deposition during the course of civil litigation—namely, it is intended as an "investigatory device" a trustee can use pre-litigation to determine whether there are grounds to bring an action. *In re Comdisco, Inc.*, 2006 WL 2375458, at *6 (N.D. Ill. 2006). This pre-litigation examination does not foreclose Levin's ability to conduct depositions of the Defendants at this stage of the litigation. *See In re Lang*, 107 B.R. 130, 132 (Bankr. N.D. Ohio 1989) (holding that a rule 2004 examination taken seven days prior to filing a complaint did not foreclose plaintiff from conducting defendant's deposition; stating that plaintiff's assertion that the examination was a substitute for a deposition "[was] not well-taken" by the court). Defendants fail to assert a good cause and therefore their request to bar the depositions is hereby denied.[2]

Defendants alternatively seek an order prohibiting the use of the Rule 2004 examinations for any purpose in this matter. A ruling as to this request would impact the admissibility of evidence if this matter were to proceed to trial before the Court. As such, Defendants' alternative

---

[2] In the upcoming depositions, the questioners will seek to avoid unnecessary duplication of questioning that took place during the 2004 examinations. Further, if it becomes necessary to use a witness's prior testimony from a 2004 examination during the course of the deposition, the questioning attorney will first attempt off the record to confront the witness with the 2004 examination and determine if it refreshes the witness's recollection consistent with the 2004 examination. The witness may then testify on the record as to his refreshed recollection without any reference to the 2004 examination by the questioning attorney. If not refreshed consistent with the 2004 examination, the questioning attorney may then refer in further questioning to the 2004 examination on the record, but only by referencing the examination by exhibit number.

request to prohibit the use of the examinations in this matter is premature, and therefore denied, with permission to refile the request if necessary as a motion *in limine*, if the matter proceeds to trial.

**SO ORDERED.**

Date: 06/07/2016

Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.